# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL C. HAMILTON, | 1:09-cv-00579-LJO-SMS-PC <br> [Fresno Superior Court case #08CECG02352] |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S REQUEST FOR REMAND BE GRANTED |
| J. A. YATES, et al., | (Doc. 8.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.    BACKGROUND**

This is a civil action filed by plaintiff Paul C. Hamilton ("plaintiff"), a state prisoner proceeding pro se.  This action was initiated by civil complaint filed by plaintiff in the Fresno County Superior Court on July 14, 2008 (case #07CECG02352).  On March 30, 2009, defendants Yates, Mattingly, Trimble and Spearman ("defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b).  (Doc. 2.)  On April 10, 2009, plaintiff filed an opposition to defendants' notice of removal, which the court here construes as a request for remand.  (Doc. 8.)

**II.    SUMMARY OF COMPLAINT**

Plaintiff is a state prisoner proceeding pro se in a civil complaint.  Plaintiff is presently incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events at issue allegedly occurred.  Plaintiff names as defendants J. A. Yates (Warden), J. Mattingly

1

| | |
|---|---|
| 1 | (Assistant Warden ("AW")), M. H. Trimble (AW), and M. E. Spearman (AW). All of the |
| 2 | defendants are employees of the California Department of Corrections and Rehabilitation at |
| 3 | PVSP. |
| 4 |       Plaintiff makes the following allegations. On May 31, 2007, a riot began at PVSP |

Plaintiff makes the following allegations. On May 31, 2007, a riot began at PVSP between Hispanics and Blacks. Two days later, by order of J. Mattingly, all of the Black inmates and some of the Hispanic inmates were subjected to a lockdown. Every Black inmate, including those who were not involved in the riot, not present on the yard at the time of the riot, locked in their cells, crippled in wheelchairs, and mobility impaired, gang members and non-affiliates, were all ordered locked down, but only a portion of the Hispanic inmates, the South Siders, were locked down. Plaintiff is not an African-American, but because he has black skin, he is considered a member of the Black inmate population by PVSP. Plaintiff remained on lockdown for over 5 1/2 weeks and was deprived of outdoor exercise during that time. As a result of lack of exercise, plaintiff suffers serious back pains. Plaintiff was informed in July 2007 that although he is documented ethnically as "Other," he was ordered to be locked down with the Blacks (African-Americans) because he had described himself as black in a letter.

For weeks prior to June 30, 2007, plaintiff noticed consistently strong odors of feces and urine while in his cell. Plaintiff requested to be moved to a different cell, but the request was denied.

Plaintiff filed appeals at the prison, complaining about discrimination, deprivation of outdoor exercise, and the strong odors in his cell. Plaintiff also notified the Warden, who never responded. Defendants Mattingly, Spearman, and Trimble either denied or only partially granted the complaints. Plaintiff alleges that reprisals have been taken against him for filing the prison appeal complaining about discrimination.

Plaintiff requests monetary damages as relief.

## III. REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States." 28 U.S.C. § 1331.  Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1]  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction."  Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

*Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

IV. **DISCUSSION**

Plaintiff opposes defendants' removal of this action to federal court.  He states that the complaint was intended for State Court and asks the federal court to bear in mind that defendants removed the action from State Court over his objection.

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

3

Defendants state that this is a civil action for the alleged violation of plaintiff's constitutional rights. They argue that federal jurisdiction is present, despite plaintiff's lack of reference to federal law in the complaint, because plaintiff has pled racial discrimination in violation of the Equal Protection Clause, inhumane prison conditions in violation of the Eighth Amendment, and retaliation in violation of the First Amendment. Defendants cite as authority an opinion rendered by the Second Circuit, which does not serve as precedent for this court.

As stated above, removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint. Gully, 299 U.S. at 112. The court has thoroughly reviewed plaintiff's complaint and finds no reference to the United States Constitution, treaties, or any federal law. Plaintiff uses a California state civil case cover sheet to describe his case as a miscellaneous civil complaint. The complaint itself is entitled "Complaint for Ethnic and Racial Discrimination; Subjection to Inhumane Prison Conditions; and Reprisals Taken for Plaintiff's Exercising the Appeal System in Appealing These Issues; Denial of Outdoor Exercise." Nowhere in the complaint does plaintiff specifically refer to the Constitution, Section 1983, federal civil rights, the Eighth Amendment, or any other federal law. The court notes that both federal and state law contain protections against violations of civil rights, cruel and unusual punishment, and reprisals. Plaintiff's use of language reciting some elements of federal claims, without more, is not enough to confer federal jurisdiction. As such, the nature of plaintiff's complaint on its face creates doubt as to the right of removal in the first instance. As stated above, plaintiff is the master of his own complaint and is free to rest his claims solely on state causes of action. See The Fair, 228 U.S. at 25. Based on these facts, the court finds that plaintiff's complaint does not present a claim arising under federal law to warrant subject matter jurisdiction, and therefore the instant action does not implicate a federal interest sufficient to sustain removal of the action to federal court.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that the federal court lacks jurisdiction over plaintiff's complaint and the action is not removable. Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be remanded to the Fresno County Superior Court; and

2. The Clerk be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 14, 2009**                                    **/s/ Sandra M. Snyder**
                                                               UNITED STATES MAGISTRATE JUDGE